## DOUGLASS v. MALOY.

No. 23755.   May 21, 1935.

Rehearing Denied July 16, 1935.

Howe & Wheeling, for plaintiff in error.

C. W. Brewer, for defendant in error.

BAYLESS, J.  J. N. Maloy, plaintiff below but defendant in error herein, instituted an action in the district court of Okfuskee county, Okla., against Frank P. Douglass, defendant but who is plaintiff in error. The parties will be referred to herein as they appeared in the trial court. Plaintiff recovered judgment, and the defendant appeals.

The execution and delivery of the note, which is nonnegotiable, is admitted. The action was defended upon three grounds, viz.: (1) No consideration for the assignment from payee to plaintiff; (2) no notice of the assignment; and (3) payment. No evidence was introduced upon the first defense, and the trial judge instructed the jury to disregard it.

On the question of whether defendant had notice of plaintiff's purchase of this note, we are of the opinion that defendant's own testimony establishes that he knew of plaintiff's intention to purchase the note, and later of the fact plaintiff had done so. There is a conflict in the testimony of plaintiff and defendant as to when plaintiff told defendant of this purchase, and inquired of defendant how much had been paid on the note before plaintiff purchased it. This conflict in the evidence will be discussed in the following discussion.

We now consider the defense of payment. Defendant admitted the execution and delivery of the note, and the consideration therefor; but testified that within a few days thereafter he verbally agreed to stand good for a note, given by the payee of the note in suit, for the purchase of an automobile, with the understanding and agreement with payee that any money paid by defendant upon the car purchase note should be credited upon the note in suit. It is conceded that defendant paid $900, or more, on this car-purchase note. The payee of the note in suit is dead. However, her husband testified that he was her agent in all of these transactions, and in parts of his testimony he corroborates defendant, and yet in

other parts he contradicts defendant. In those parts of his testimony wherein he contradicts defendant he corroborates plaintiff's witness, who testified that defendant's agreement to pay the car-purchase note was an independent obligation of defendant. They explain the matter in this wise: Defendant was indebted to payee in the amount of $5 000 and discharged this debt by paying some cash, agreeing to pay the car-purchase note, and giving payee two notes, one for $2,185, and the $1,200 note in suit. Plaintiff's attorney testified defendant told him he was obligated to pay the car-purchase note in addition to the note in suit. A conflict in the evidence on this point is also seen.

Plaintiff testified that he bought the note in suit on May 4, 1929, and shortly before that date had told defendant of his intention to buy it and had asked him the amount of credits thereon; and, that defendant told him it was all right to purchase the note and there was a credit of $50. The $50 credit is admitted on the face of plaintiff's pleadings. Plaintiff testified that he told defendant of the purchase of the note immediately thereafter. He testified, further, that he later demanded payment of the note and defendant promised payment. He testified that after suit was brought, defendant promised to pay the note and expressed a desire to trade the amount due with plaintiff. Defendant contradicts this my saying that it was not until the following fall or winter that plaintiff told him of the purchase of the note, and at that time defendant had paid considerable, if not all, of the car-purchase note and told plaintiff he was entitled to more than the $50 credit.

All of the conflicts in the evidence were resolved in favor of plaintiff by the verdict of the jury, which was general. The verdict of the jury, being supported by competent evidence, will not be disturbed.

Defendant complains of the instructions to the jury. The parties agreed that the trial judge might orally instruct the jury. No exceptions were taken to the instructions given, nor were any instructions requested by defendant upon the issues he now contends the trial judge overlooked. We believe the instructions given by the trial court substantially covered the issues made by the pleadings and evidence.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.